UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:05CR380CEJ(FRB) 4:05MJ7078-1MLM |
| FREDERICK PENNY, | ) ) | |
| Defendant. | ) | |

# ORDER

On 6/20/05 this matter came before the court for a Detention Hearing pursuant to 18 U.S.C. § 3142(f).[1] The defendant was present in person and by counsel, John Rogers. The government was represented by Assistant United States Attorney Allison H. Behrens.

In support of its Motion for Pretrial Detention [Doc. 4], the government relied on the testimony of FBI Special Agent Liza Ludovico and the Report of the Pretrial Services Office. SA Ludovico's testimony concerned a bank robbery on November 5, 2004 at the St. Johns Bank & Trust. Among other testimony, SA Ludovico stated that during the robbery the three robbers each had firearms and held hostage a security guard and three tellers. Extensive investigation and substantial evidence including a corroborated statement from a co-defendant led to the issuance of a warrant for the arrest of defendant.

The Pretrial Services Report indicates defendant received a less than honorable discharge from the Marine Corps. He is unemployed. He resides in Georgia and has no ties to this district. He was diagnosed as bi-polar in 2005 and is presently on medication. Significantly, he has no misdemeanor or felony convictions. However, he is "wanted" on traffic-type violations and for the

---

[1] A Preliminary Hearing was also held and, based on the testimony and evidence adduced, the court found probable cause to believe the crime charged was committed and that defendant committed it. Defendant was bound over for further proceedings in the district court.

state charges arising from the instant offense. He has been arrested but not convicted for Simple Battery and Sexual Battery.

The Bail Reform Act, 18 U.S.C. § 3141, et seq., describes the factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(g). The court is directed to take into consideration the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

In the present case, defendant's parents contacted counsel as early as January, 2005 and agreed that defendant would turn himself in when required to do so. Defendant continued to reside in Georgia with his parents. Following the issuance of the warrant on the instant Complaint, defendant traveled to St. Louis and self-surrendered on 6/16/05.

The potential penalty if defendant is convicted of the bank robbery is a maximum of twenty years. When the case is presented to the Grand Jury, the government plans to ask for a true bill not only for the bank robbery but for an additional charge for use of a firearm in connection with a violent crime which carries a mandatory minimum five year consecutive sentence. While one

cannot predict what the Grand Jury will do, the prospect of the government seeking such charges could provide defendant an incentive to flee. Defendant's family ties are in Georgia and he has no ties to this district. It is unknown whether his bi-polar condition will affect his ability to remain abreast of court dates. He has arrests for violent crimes. The nature of the instant offense in which firearms were used and four victims were taken hostage is a significant risk factor. The evidence against defendant is strong.

The court has considered the testimony at the Preliminary Hearing and Detention Hearing, the report and recommendation of the Pretrial Services Officer, the government's and defense counsel's persuasive arguments and all the factors required to be considered by 18 U.S.C. § 3142(g).

Based thereon, the court finds that there are conditions or combinations of conditions that will assure the safety of the community and the appearance of defendant as required. The court will set a bond in an amount reasonably necessary to assure defendant's appearance. 18 U.S.C. § 3142(c)(B)(xi). The court further finds that the amount of the bond is reasonable in light of the nature of the offense and the other matters set out herein.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion for Detention of Defendant Frederick Penny is DENIED. [Doc. 4]

**IT IS FURTHER ORDERED** that Defendant's bond is set in the amount of $100,000 to be fully secured by cash or property.

**IT IS FURTHER ORDERED** that in addition to other conditions of pretrial release, the court will order defendant to continue to reside with his parents and be subject to home incarceration with electronic monitoring.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this   23rd   day of June, 2005.